NOT FOR PUBLICATION

FILED

NOV 09 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.    AZ-18-1041-BKuTa |
| GERIE LEIGH CLAYTON, | Bk. No.    2:16-bk-07569-EPB |
| Debtor. | |
| BETTY CLAYTON, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| ROBERT A. MACKENZIE, Chapter 7 Trustee, | |
| Appellee. | |

Submitted Without Oral Argument on October 25, 2018

Filed – November 9, 2018

Appeal from the United States Bankruptcy Court
for the District of Arizona

---

[*] This disposition is not appropriate for publication.  Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Eddward P. Ballinger, Jr., Bankruptcy Judge, Presiding

———————

Appearances:     Appellant Betty Clayton, pro se on brief; Terry A. Dake of Terry A. Dake, Ltd., on brief for Appellee Robert A. MacKenzie, Chapter 7 Trustee.

———————

Before:  BRAND, KURTZ and TAYLOR, Bankruptcy Judges.


## INTRODUCTION

Appellant Betty Clayton appeals the order denying priority status to her unsecured claim for alleged spousal support and the order denying reconsideration of that decision. The trustee objected to Ms. Clayton's claim on the ground that it represented a property settlement debt rather than a claim for support. The bankruptcy court sustained the trustee's objection, finding that Ms. Clayton's claim was not a domestic support obligation ("DSO") entitled to priority status under § 507(a)(1)(A).[1] We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

An involuntary chapter 7 petition was filed against Gerie Leigh Clayton ("Debtor") by his second ex-wife, Janet Montague, on July 1, 2016. Ms. Montague and Debtor were married from 2000 to 2012. Ms. Montague

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

filed a $1,043,300 proof of claim, alleging that $68,123 was entitled to priority status as a DSO.

Prior to his marriage to Ms. Montague, Debtor was married to Betty Clayton. They married in 1970 and divorced in 1993. Ms. Clayton, who is now 68, filed a $471,000 proof of claim in Debtor's case, alleging that the entire amount was entitled to priority status as a DSO. While the information she provided was limited, Ms. Clayton explained that, as part of the divorce property division, she and Debtor were to split equally their 11% share in a pecan farm, which was held as a limited partnership. When the investment was later sold, Debtor gave Ms. Clayton only half of the sale proceeds to which she was entitled. To make matters worse, on the bad advice from her then-accountant, Ms. Clayton paid income taxes on the full amount of the promised proceeds. To remedy the problem, in 2008 Debtor executed a $431,439 promissory note whereby he agreed to repay Ms. Clayton. Debtor failed to pay on the note.

The chapter 7 trustee, Robert A. MacKenzie ("Trustee"), objected to Ms. Clayton's claim, arguing that the money owed was for a property settlement obligation, not a DSO, and therefore was not entitled to priority. Trustee argued that Ms. Clayton's claim should be allowed only as a general unsecured claim.

The bankruptcy court held two hearings on Trustee's claim objection. Prior to the second hearing, both Ms. Clayton and Debtor filed affidavits

providing more details surrounding the debt owed to Ms. Clayton. Ms. Clayton stated that, under the divorce decree, Debtor was ordered to pay, and did pay, spousal support to her for 15 years: $10,000 per month for the first ten years and $4,500 per month for the following five years. Ms. Clayton further stated that, between 2004 and 2006, she paid $233,000 in tax liabilities on the proceeds generated from the pecan farm sale despite not receiving her full share of the proceeds. Ms Clayton stated that she used her spousal support income to pay the taxes. Both Ms. Clayton and Debtor stated that the intent of the $431,439 promissory note was to reimburse Ms. Clayton for the spousal support income she used to satisfy the tax debt.

At the second hearing, Trustee's counsel stated that approximately $50,000 was available in the estate but Ms. Montague's undisputed DSO claim far exceeded the funds available. At best, Ms. Clayton's claim would share pro rata with Ms. Montague's. In any case, Trustee argued against priority status for Ms. Clayton's claim; the fact that she used her spousal support income to pay taxes did not convert a property settlement obligation into a DSO entitled to priority.

After the second hearing, the bankruptcy court entered an order sustaining Trustee's objection and denying priority status to Ms. Clayton's claim. The court found that any domestic support portion of the divorce decree was satisfied; Ms. Clayton's current claim was based on amounts

4

owed to her as a result of a property division made as part of the marital dissolution.

Ms. Clayton timely moved for reconsideration of the court's order, which the court summarily denied. This timely appeal followed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1.    Did the bankruptcy court err when it determined that Ms. Clayton's claim was not a DSO entitled to priority status under § 507(a)(1)(A)?

2.    Did the bankruptcy court abuse its discretion when it denied Ms. Clayton's motion for reconsideration?

## IV. STANDARDS OF REVIEW

We review the bankruptcy court's factual determination of whether a debt was for alimony, maintenance, or support for clear error. *Diener v. McBeth (In re Diener)*, 483 B.R. 196, 202 (9th Cir. BAP 2012). *See also Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1140 (9th Cir. 2000) (whether a debt is in the nature of support is a factual determination made by the bankruptcy court as a matter of federal bankruptcy law). A bankruptcy court's factual finding is clearly erroneous if it is illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010).

Denial of a motion to amend or alter judgment under Civil Rule 59(e)

5

is reviewed for an abuse of discretion. *Dixon v. Wallowa Cty.*, 336 F.3d 1013, 1022 (9th Cir. 2003). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are clearly erroneous. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

**A.**     **The bankruptcy court did not err when it determined that Ms. Clayton's claim was not a DSO.**

Section 507(a)(1) provides first priority status for a debt which is a DSO. As relevant here, § 507(a)(1)(A) provides for priority of "[a]llowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a . . . former spouse. . . ."

The term "domestic support obligation" is defined, in relevant part, as a debt that accrues before, on, or after the date of the order for relief, including interest thereon, that is owed to or recoverable by a spouse or former spouse of the debtor and is in the nature of alimony, maintenance, or support whether or not expressly so designated, and is established by a separation agreement, divorce decree, property settlement agreement, court order, or a determination made under state law by a governmental unit. § 101(14A). The party seeking to have a debt determined a DSO has the burden of proving that the obligation is in the nature of support. *See*

6

*Smith v. Pritchett (In re Smith)*, 586 F.3d 69, 73 (1st Cir. 2009).

Ms. Clayton maintains that, because the promissory note payments were intended to reimburse her for spousal support monies wrongly spent on taxes from the pecan farm sale, her claim is entitled to priority status as a DSO under § 507(a)(1)(A). In other words, because she had to expend support money to pay taxes in connection with something that arose out of Debtor's breach of the property division portion of the divorce decree, her claim is "in the nature of alimony, maintenance, or support" and not a property division obligation, as the bankruptcy court found. Ms. Clayton has never explained why her entire $471,000 claim was entitled to priority, when she conceded that she paid only approximately $233,000 to the taxing agencies. In any case, her argument fails for the following reasons.

Ms. Clayton offered only a portion of the 1993 divorce decree, the operative document, but she concedes that Debtor paid the ordered spousal support. She also does not dispute that the parties' agreement respecting percentage of ownership interests, profits, capital calls and tax obligations for the pecan farm is in the property division portion of the divorce decree. Ms. Clayton argues that the bankruptcy court should have looked behind the label of the underlying debt, as memorialized in the promissory note, and found that it was in the nature of support. While the bankruptcy court should disregard labels and titles in a divorce decree to ascertain whether the parties intended an obligation to be in the nature of

7

support or part of the property division, that is only in cases where the divorce decree is ambiguous. *See In re Diener*, 483 B.R. at 280; *Leppaluoto v. Combs (In re Combs)*, 101 B.R. 609, 616 (9th Cir. BAP 1989). Nothing is ambiguous about the divorce decree in this case.

Further, the promissory note represents a debt that arose from the property division portion of the divorce decree, not the spousal support portion. The support payments were made. The tax debt that arose here was due to Debtor's breach of the property settlement. Ms. Clayton use of spousal support money to pay the tax obligation does not "transform" what was a property division obligation into a DSO. Ms. Clayton has not cited, and we could not locate, any authority to support her argument.

Finally, it is of no consequence that Ms. Clayton's and Debtor's unwritten, mutual understanding behind the promissory note payments was that the majority of the $431,439 was to reimburse her for support funds spent on tax obligations or that she intended to use the promissory note payments for her eventual retirement. The promissory note, executed 15 years after the divorce, is not "a separation agreement, divorce decree, property settlement agreement, an order of a court of record, or a determination made in accordance with applicable nonbankruptcy law by a governmental unit" and therefore does not fall within the Code's definition of a "domestic support obligation." § 101(14A).

Accordingly, we conclude that the bankruptcy court did not clearly

err in finding that the promissory note payments were not in the nature of alimony, maintenance, or support, and that Ms. Clayton's claim was not entitled to priority status under § 507(a)(1)(A).

**B.     Ms. Clayton waived her appeal of the reconsideration order.**

Even though in her notice of appeal Ms. Clayton appealed the order denying her motion to reconsider, she did not provide any argument on the issue in her brief. An appellate court in this circuit "will not review issues which are not argued specifically and distinctly in a party's opening brief." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1261 (9th Cir. 2010). Even if we did review the matter, we see no abuse of discretion by the bankruptcy court in denying the motion; there were no grounds upon which to grant it.

## VI. CONCLUSION

For the reasons stated above, we AFFIRM.